IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT EDLER,

        Plaintiff,

vs.                                                           No. 99-CIV-0172 BB/LCS

WILLIAM J. HENDERSON, Postmaster
General, United States Post Office,

        Defendant.

## **MEMORANDUM OPINION AND ORDER**

       THIS MATTER comes before the Court for consideration of Defendant's motion to dismiss for failure to state a claim (Doc. 11). The Court has reviewed the parties' submissions and the relevant law and, for the reasons set forth below, determines that Defendant's motion should be GRANTED in part and DENIED in part.

       Plaintiff has filed a complaint raising allegations of discrimination on the basis of his handicap, as well as retaliation for the exercise of his right to protest such discrimination. Defendant moved to dismiss, claiming the complaint is time-barred with respect to some allegations of discrimination, and arguing Plaintiff failed to exhaust his remedies with respect to all other allegations in the complaint. Plaintiff filed three different charges with the EEOC, the last being filed January 8, 1998. At the hearing held on this motion, plaintiff's counsel conceded the complaint had been filed one day late with regard to the EEOC's final decision on his December 3, 1997, charge of discrimination. However, counsel argued that most of the allegations in the complaint remain cognizable by this Court, because they are related to incidents occurring subsequent to the January 8, 1998 EEOC charge. The EEOC did not issue a final decision

concerning this charge until December 28, 1998, and Plaintiff's complaint is timely with respect to that final decision. Counsel also argued that the allegations of Plaintiff's complaint allege a continuing pattern of discrimination, making his complaint timely even with respect to acts of discrimination occurring prior to the incidents specified in the January 1998 EEOC charge.

There are two categories of claims to be addressed in this case. First, there are claims based on allegedly discriminatory activity occurring subsequent to December 3, 1997. The question with respect to these claims is whether Plaintiff cannot maintain them because he failed to exhaust his administrative remedies, since he failed to file yet another EEOC charge concerning these after-occurring events. The other category of claims are those arising out of conduct by Defendant taking place prior to December 3, 1997, the date of the EEOC complaint immediately preceding the January 8, 1998 complaint.

Plaintiff's failure to file more EEOC complaints following the January 1998 complaint does not necessarily bar this Court from reviewing his claims of discriminatory or retaliatory behavior occurring after January 8, 1998. The Tenth Circuit has held that a lawsuit filed in a discrimination case may encompass any discrimination reasonably related to the allegations made in the EEOC charge, including new acts of alleged discrimination occurring while the charge is pending before the EEOC. *See Brown v. Hartshorne Public Sch. Dist. No. 1*, 864 F.2d 680, 682 (10th Cir. 1988). Such subsequent acts of alleged discrimination are "reasonably related" to the contents of an EEOC charge if they are committed pursuant to an alleged pattern of discrimination challenged in the EEOC charge, or if they are committed in retaliation for the filing of the EEOC charge. *Id.*

The complaint filed in this Court by Plaintiff clearly alleges a pattern of discrimination and retaliation on the part of Defendant. Similarly, Plaintiff's January 8, 1998 EEOC charge raised allegations of continuing acts of discrimination and retaliation. Furthermore, the EEOC's decision rejecting Plaintiff's January 1998 claim discussed retaliation and discrimination claims in general, not simply one particular instance of alleged discrimination. The allegations of Plaintiff's complaint are therefore reasonably related to the claims he raised in his January 1998 EEOC charge, in that they allege a pattern of discrimination continuing past the date of that charge. *See Brown*. Accordingly, Plaintiff's failure to exhaust his administrative remedies will not bar him from pursuing this action as to all alleged discriminatory and retaliatory activity occurring subsequent to December 3, 1997, the date he filed the EEOC charge immediately preceding the January 1998 charge.[1] In addition, Plaintiff will be allowed to pursue the action with respect to any specific acts of discrimination or retaliation contained in the January 1998 charge, such as the events of November 17 and 18, 1997, because he has clearly exhausted his administrative remedies with respect to those specific acts.

As to the events occurring prior to December 3, 1997 (other than the specific acts alleged in the January 1998 charge), a different analysis applies. Plaintiff attempts to argue many of these events may be included in this action because they are part of a continuing violation. The difficulty with Plaintiff's position is that most of these events have already been the subject of EEOC charges and proceedings, either pursuant to the December 1997 EEOC charge or the June 12, 1997, charge. The Final Agency Decisions concerning both of these charges are not limited to

---

[1] The January 1998 charge naturally encompasses any continuing discriminatory activity occurring between December 3, 1997, the date of the prior charge, and January 8, 1998, the date of the subsequent charge.

3

single, isolated instances of discrimination. Instead, the EEOC considered claims that Plaintiff's supervisor was consistently failing to accommodate his physical disability, and rejected those claims. In both Decisions, the EEOC found that Plaintiff had been provided with accommodation, such as changing his "case" to one bundle to accommodate his shoulder injury. In the Decision concerning the December 1997 charge the EEOC also addressed a claim of retaliation, finding that Plaintiff had failed to make a *prima facie* showing of retaliation. In sum, the EEOC proceedings concerning both the June 1997 and December 1997 charges addressed claims of repeated instances of discrimination, failure to accommodate, and retaliation. These are exactly the same claims as those raised in the January 1998 EEOC charge.

The continuing-violation theory is intended to allow a plaintiff to raise claims of discrimination regarding events occurring outside the normal limitations period, under certain circumstances. However, the theory is not meant to allow a plaintiff to revive identical claims of discrimination that have been raised in prior administrative proceedings, and then lost due to failure to file a timely lawsuit. If that were so, a plaintiff would be able to circumvent the ninety-day filing requirement simply by filing another EEOC charge and then claiming the identical continuing violations as those addressed in the prior EEOC proceedings. *See, e.g., Soso Liang Lo v. Pan American World Airways*, 787 F.2d 827 (2d Cir. 1986) (where second EEOC notice was based upon charge involving same facts as first EEOC notice, federal-court action had to be brought within ninety days of first notice, not second); *Brown v. Mead Corp.*, 646 F.2d 1163, 1167 (6th Cir. 1981) (same); *Cleveland v. Douglas Aircraft Co.*, 509 F.2d 1027, 1030 (9th Cir. 1975); *Lyles v. Principal Health Care, Inc.*, 1997 WL 669963 (E.D.Mo. 1997) (potential plaintiff may not evade ninety-day time limitation by filing successive EEOC charges). An employee who

4

was aware of his earlier right to sue cannot litigate incidents which are time-barred by alleging a continuing violation. *Roberts v. Gadsden Memorial Hosp.*, 850 F.2d 1549, 1550-51 (11th Cir. 1988); *Desrosiers v. Great Atlantic & Pacific Tea Co., Inc.*, 585 F.Supp. 308, 313 (D.Mass. 1995).

The Court holds that where, as here, two prior EEOC charges and proceedings have addressed alleged continuing violations by Defendant, and Plaintiff has failed to file timely lawsuits following the EEOC proceedings, a third EEOC charge may not revive the same claims of continuing violations as those addressed in the prior proceedings. In this case, therefore, Plaintiff may not pursue claims arising out of conduct occurring prior to December 3, 1997, and addressed during the EEOC proceedings concerning the June 1997 and December 1997 charges.[2] Again, the only exception to this holding will be the specific instances of discrimination or retaliation raised in the January 8, 1998 EEOC charge, and claimed to have occurred on November 17 and 18, 1997. The January 1998 charge was treated as a separate proceeding by Plaintiff and the EEOC, and therefore the events of November 17 and 18, 1997, are not subsumed into the administrative proceedings related to the December 1997 charge.

**CONCLUSION**

Based on the foregoing, Defendant's motion to dismiss will be granted as to Defendant's conduct occurring prior to December 3, 1997, subject to the exception noted above. Defendant's

---

[2]The Court notes that evidence of the prior discriminatory actions may be relevant to Plaintiff's claim of an ongoing, continuing violation. *See United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977) (untimely charge of discrimination may constitute relevant background evidence where status of current discriminatory practice is at issue).

5

motion will be denied, however, with respect to conduct occurring after December 3, 1997, as well as the specific conduct alleged in the January 1998 EEOC charge.

## ORDER

A Memorandum Opinion in the above-entitled case was entered this date.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss (Doc. 11) be, and hereby is, GRANTED in part and DENIED in part.

DATED January 27, 2000.

                                              _____
                                              BRUCE D. BLACK
                                              UNITED STATES DISTRICT JUDGE

**ATTORNEYS**

**For Plaintiff**
Michael E. Mozes
Law Offices of Michael E. Mozes, P.C.
1524 Eubank N.E., Suite 4
Albuquerque, New Mexico 87112

**For Defendant**
Manuel Lucero
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico 87103